# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JEFFREY KLEIN, <br><br> Defendant. | No. 15-CR-3024 CJW-MAR <br><br> **ORDER** |

_____

This matter is before the Court on defendant Jeffrey Klein's pro se motion for compassionate release (Doc. 239).

## *I.   BACKGROUND*

On December 30, 2015, the Court sentenced defendant to 120 months' incarceration, with five years of supervised release to follow, on one count of conspiracy to distribute methamphetamine. (Doc. 182). He is currently incarcerated at Duluth FPC, in Duluth, Minnesota, with an estimated release date of November 14, 2022.

## *II.   COMPASSIONATE RELEASE*

The term "compassionate release" refers to Title 18, United States Code, Section 3582(c)(1)(A), which allows a defendant to directly petition a district court for a sentence reduction "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." If a defendant fully exhausts administrative remedies, the court may reduce the defendant's sentence, after considering the factors set forth in Title 18, United States Code, Section 3553(a) to the extent they are applicable, if the court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C.

§ 3582(c)(1)(A)(i); *see also United States v. Rodd*, 966 F.3d 740, 748 (8th Cir. 2020). Defendant failed to allege that 30 days have passed since he submitted a request for compassionate release to the warden at his facility or that he has fully exhausted all administrative rights to appeal the failure of the BOP to bring a motion on his behalf.

The Court cannot excuse defendant's failure to exhaust administrative remedies because of the COVID-19 pandemic. Most courts to weigh in on this issue found that a court cannot entertain a compassionate release motion unless a defendant has exhausted administrative remedies—even in light of the COVID-19 pandemic. *United States v. Raia,* 954 F.3d 594, 596 (3d Cir. 2020); *see also United States v. Burnside*, No. 18-CR-2068-CJW-MAR, 2020 WL 3443944, at *7 (N.D. Iowa June 18, 2020) (discussing compassionate release exhaustion standards). If defendant wants the Court to consider his compassionate release request or to appoint him counsel, he must refile his motion once he exhausts administrative remedies as outlined in Title 18, United States Code, Section 3582(c)(1)(A).

Additionally, in his motion, defendant does not allege anything which could be considered an extraordinary and compelling reason that would justify compassionate release. Rather, to the extent defendant makes a personalized argument in his motion, he merely states that he has been rehabilitated while in prison. Rehabilitation alone cannot constitute an extraordinary or compelling reason justifying compassionate release. *See* 28 U.S.C. §994(t). Accordingly, if the Court could consider defendant's motion on its merits, it would be denied.

## III. CONCLUSION

For the reasons stated, defendant's motion for compassionate release (Doc. 239) is **denied**.

**IT IS SO ORDERED** this 9th day of October, 2020.

_____
C.J. Williams
United States District Judge
Northern District of Iowa

3

Case 3:15-cr-03024-CJW-MAR   Document 242   Filed 10/09/20   Page 3 of 3